IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                          §
DAVID TODD GAMBLE, JENNIFER                     §          CASE NO: 06-36485
PAULINE GAMBLE                                  §
    Debtor(s)                                   §
                                                §          CHAPTER  13

## <u>MEMORANDUM OPINION</u>

For the reasons set forth below, the Court denies Debtors' objection to the claim filed by AutoNation Financial Services c/o Systems & Services Technologies, Inc. ("AutoNation").

On February 1, 2002, David and Jennifer Gamble ("Debtors") filed chapter 13 bankruptcy ("first case"). Their Plan of Reorganization was confirmed on July 16, 2002. Pursuant to § 506(d) of the Bankruptcy Code, AutoNation's claim was bifurcated into secured and unsecured. 11 U.S.C. § 506(d). The Plan provided that upon payment of AutoNation's secured claim, the lien on its collateral would be released. During the first case, the secured portion of the claim was paid in full. A balance remained on the unsecured portion. The bankruptcy case was dismissed on September 26, 2006.

After the first case was dismissed, Debtors again, on November 21, 2006, filed chapter 13 bankruptcy ("second case"). AutoNation filed a proof of claim in the second case asserting a secured claim of $3,989.44. Debtors objected arguing that the secured portion had been paid in the first case, the lien had been released, and any remaining claim should be treated as unsecured. On February 20, 2007, the Court ordered further briefing on the correct classification of this claim.

Section 506(d) of the Bankruptcy Code provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . ." 11 U.S.C. § 506(d). Accordingly, under § 506(d) the lien as to the unsecured portion of AutoNation's claim in Debtors' first case was void. However, the Bankruptcy Code provides under § 349, "unless the court, for cause, orders otherwise," a dismissal of a case reinstates any lien voided under 11 U.S.C. § 506(d). 11 U.S.C. § 349(b)(1)(C).

Debtors argue that the Court did order, for cause, "otherwise" when it confirmed the Plan in the first case with specific lien release language. Debtors contend that once the secured debt was paid under the Plan in the first case, the lien was released and should not now be reinstated as secured in the second case. The Court disagrees.

It is an established tenet of bankruptcy law that a debtor remains subject to his confirmed plan until the plan is completed or the case is dismissed. 11 U.S.C. § 1327. Debtor's first case was dismissed; the Plan failed. When a case is dismissed prior to completion of plan payments, § 349(b) has been held to operate to "unravel[] the bankruptcy in an attempt by the Bankruptcy

Code to leave the parties as it found them." *In re Day*, 292 B.R. 133, 135 (Bankr. N.D. Tex. 2003); *U.S. v. Ramirez*, 291 B.R. 386, 391 (N.D. Tex. 2002) ("[t]he objective of section 349(b) is to restore all property rights, as far as practicable, to the positions they occupied at the commencement of a case.").

Similarly, courts hold that in a chapter 13 bankruptcy, until the debtor completes all payments under the plan, the debtor "cannot [without leave of court] bring about any permanent reordering of property on contract rights, partial or comprehensive." *In re Smith*, 287 B.R. 882, 886 (Bankr. W.D. Tex. 2002) (citing *In re Scheierl*, 176 B.R. 498, 505 (Bankr. D. Minn. 1995)). For example, if a debtor wishes to dispose of certain estate property prior to completion of his plan, a motion must be filed pursuant to § 363. *See* 11 U.S.C. § 363.

Prior to the recent Bankruptcy Code Amendments, courts struggled with the issue of whether a chapter 13 plan could even require an undersecured creditor to release its lien on full payment of its secured claim prior to debtor's discharge. *See e.g. In re Day*, 292 B.R. 133 (Bankr. N.D. Tex. 2003); *In re Thompson*, 224 B.R. 360 (Bankr. N.D. Tex. 1998) (finding that a secured creditor cannot be forced to release its security interest until the debtor makes all payments under the plan and receives a discharge); *but see In re Gray*, 285 B.R. 379, 389 (Bankr. N.D. Tex. 2002) (finding, *inter alia*, that because debtors can dispose of collateral for which full payment has been made through the use of § 363, there is no "logical reason to prohibit a debtor from anticipating it in the plan.").

The Court, however, in *In re Gray*, recognized that even though lien release language may be included in a Plan, upon dismissal, a court may elect to reinstate the lien. *In re Gray*, 285 B.R. at 389. Indeed, the Court addressed the possibility that allowing lien release language in a plan may possibly be inconsistent with § 349(b). *Id.* at 388-89. In reconciling any inconsistencies, the Court stated that a dismissing court faced with lien release language "can tailor an order dismissing a chapter 13 case to suit the situation . . . [or] may direct reinstatement of liens reinstated pursuant to the plan." *Id.*

No court, even courts which previously allowed lien release language in the Plan, has even hinted at a theory which would support Debtors' contention that lien release language in a confirmed plan in a dismissed bankruptcy case satisfies "for cause, orders otherwise" in § 349(b). Section 349(b) is unambiguous and this Court must give effect to its inclusion in the Bankruptcy Code. *See e.g. Reves v. Ernst & Young*, 507 U.S. 170, 177 (1993). This Court finds that when the Plan was confirmed in the first case, the Court was not was not "for cause" ordering "otherwise" which would thus remove Debtors from the effects of § 349(b)(1)(C). When the plan was dismissed, property rights reverted to the position as they were prior to Debtors' bankruptcy. Debtors' objection is denied.

SIGNED **March 22, 2007**.

MARVIN ISGUR
United States Bankruptcy Judge